## William McCornack v. Peter A. Sornberger.

1. NEGLIGENCE—*Setting Fire to Straw.*—A person owning a barn in which was stabled a stallion belonging to another, carelessly set fire to a straw stack situated thirty-five feet away. The barn was burned, together with the stallion in it. *Held* that the owner of the barn was guilty of negligence and liable to the owner of the stallion.

**Memorandum.**—Action for damages. Negligently setting fire to straw. In the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

J. A. McKENZIE and J. J. TUNNICLIFF, attorneys for appellant.

PRINCE & WELSH, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant in an action on the case in the Circuit Court to recover the value of a stallion burned in appellant's barn, where it was being kept by Jennings, a person in charge of the horse. Jennings was occupying the barn as tenant of appellant, the owner of the premises. Near the barn, within thirty-five feet, was a stack of straw containing about thirty to forty tons. The appellant set fire to the stack of straw for the purpose of having it consumed by fire to get it out of the way, while the horse was being stabled in the barn, and it is charged, so negligently watched and attended to the fire that it extended to the barn and burned it and the stallion, an imported horse. The cause was tried by a jury and resulted in a verdict for appellee of $150, upon which judgment was rendered by the court. From this judgment this appeal is taken and a reversal is asked on several grounds, the main one relied on being that the verdict was manifestly against the weight of the evidence,

though some minor objection as to appellee's instructions is interposed. The facts in the case as offered from the evidence are in substance these : The appellant fired the straw stack on the 18th May, 1892. The fire smouldered in the stack till Sunday afternoon, May 22d, when it was communicated from the stack to the barn in which the horse was at the time, in the absence of all parties, and entirely consumed it and the horse. The defense is, not that the appellant was free from negligence, for it can not be·disputed that he was grossly negligent in firing the straw stack so near the barn and in not keeping a stricter watch over it after it was fired, but that appellee was equally negligent with appellant, in keeping the horse in the barn and leaving him and going away while the fire was unextinguished in the straw stack so near to it. The evidence tended to show that on Wednesday, 18th May, appellant set fire to the straw stack and watched it till he thought all danger was over and then went home, and visited it twice or three times afterward, but Jennings saw the straw burning, and on that day moved some things out of the barn he had in there and stayed up all night and watched the fire and left the stallion on Wednesday evening at a neighbor's. Thursday evening he returned without the horse and watched the fire. On Friday and Saturday evening he put the horse in the barn at which time he thought all danger was over. That appellant failed sufficiently to look after the burning straw stack or to take any measures to guard against danger to the barn from the fire in it, still unextinguished; that on Sunday Jennings remained home until two o'clock P. M., when he went to a neighbor's house about a mile away; that before going he examined the burned straw stack and saw no evidence of danger therefrom to the barn; that appellant on the same Sunday afternoon, on his way to church, about three o'clock, passed near the barn and saw smoke arising from the smouldering straw stack but passed on and paid no attention to it; on his return from church at five o'clock P. M. of the same day he saw some smoke and flames arising from the stack, but again passed on without going to it.

The evidence tends to show that at the time appellant saw the smoke and flame on Sunday there was a change of wind from northeast to north and it was blowing quite strongly and had increased about the middle of the afternoon. The barn was seen to be on fire about six o'clock that Sunday evening, and was burned with the horse.

We are of the opinion that there was sufficient evidence from which the jury might lawfully find that the appellee was not in the exercise of ordinary care in leaving the horse in the barn on Sunday and going away, and that appellant was guilty of negligence when, seeing the smoke and flame arising from the burning stack on Sunday in the face of a strong wind, he did not go over to the barn and examine if there was not danger, and in not taking measures to prevent accident, especially after he had so carelessly set the stack on fire. If he had taken this precaution, which we think a reasonably prudent man would have done, under the circumstances, the danger would have been discovered and the burning of the barn prevented.

It is insisted that the evidence shows that Jennings laid a train of straw from the burning straw to the barn and purposely caused it to be burned. We think the evidence entirely fails to sustain such a charge and that the jury was justified in disregarding it.

It is objected that appellee's first and second instructions were erroneous and that the court erred in modifying appellant's instructions Nos. 3, 5 and 6.

We have examined those instructions and the modification of those complained of, and find that the court committed no serious error either in giving or in modifying those instructions. It is not necessary to notice the points in detail; suffice it to say that the instructions as given were fair to appellant.

Seeing no error in the record the judgment of the Circuit Court is affirmed.